IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ASTRAZENECA PHARMACEUTICALS LP**　　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　　　　　**CIVIL ACTION NO. 1:24-cv-00196-LG-BWR**

**LYNN FITCH, in her official capacity
as the Attorney General of the State of
Mississippi**　　　　　　　　　　**DEFENDANT**

### UNIVERSITY OF MISSISSIPPI MEDICAL CENTER'S OBJECTION
### TO PLAINTIFFS' SUBPOENA FOR DOCUMENTS

The University of Mississippi Medical Center ("UMMC"), a non-party to this action, pursuant to Fed. R. Civ. P. 45 (d)(2)(B), objects to the Subpoena to Produce Documents served on it by Plaintiff herein, docketed in this matter as document 48-1, as follows:

1.　　In this action, Plaintiff asserts facial constitutional challenges to the "Defending Affordable Prescription Drug Costs Act," enacted by the Mississippi Legislature in its 2024 Regular Session. 2024 Miss. H.B. 728 ("H.B. 728"). Specifically, Plaintiff asserts that H.B. 728 conflicts with federal law by impermissibly adding state law requirements for participating in the federal drug discount program established under Section 340B of the Public Health Service Act, in violation of the Supremacy Clause of the United States Constitution, as well as the Takings, Due Process, and Commerce Clauses of the United States Constitution. Plaintiffs further assert that H.B. 728 contravenes the Takings and Due Process Clauses of the Mississippi Constitution.

2. The Subpoena served upon UMMC seeks evidence that is irrelevant to Plaintiff's claims, imposes an undue burden upon UMMC, is disproportionate to the needs of the case, and seeks confidential and proprietary information. Specifically, a full response from UMMC to the Subpoena would require review and redaction of in excess of 1,000 pages of documents, many of which contain proprietary contractual information and trade secrets.

3. The Subpoena is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff's Complaint asserts facial constitutional challenges to H.B. 728, which will be decided based upon the Court's reading and application of H.B. 728 and the applicable constitutional provisions and jurisprudence. The documents sought in the Subpoena served upon UMMC are not relevant to this inquiry and are not important at all in resolving the issues presented in this matter. As such, the undue burden and expense that UMMC would suffer in responding to the Subpoena far outweigh Plaintiff's need for the documents requested. Thus, the Subpoena is beyond the scope of discovery as contemplated in Fed. R. Civ. P. 26(b)(1). The subpoena is also unduly burdensome in violation of Fed. R. Civ. P. 45(d).

4. The Subpoena seeks discovery related to compliance with the federal 340B program requirements, which intrudes upon the authority of the Department of Health and Human Services ("HHS") and the Health Resources and Services Administration ("HRSA") pursuant to 42 U.S.C. §256b(a)(5) and §256b(d). Plaintiff's remedy for any violations of the federal 340B statute or regulations is through the HRSA administrative dispute resolution process. Because H.B. 728 does not alter or conflict with those federal

requirements, the discovery sought is irrelevant to the claims asserted in the Complaint and disproportionate to the needs of this case.

5. UMMC also objects to the Subpoena to the extent it seeks any documents that contain trade secrets or other confidential and proprietary information.

6. Alternatively, should the Court require production of documents in response to the Subpoena, UMMC would request that the Court limit the scope of the Subpoena and require Plaintiff to reasonably compensate UMMC pursuant to Fed. R. Civ. P. 45((d)(3)(C) for all time and expenses, including attorney fees, incurred responding to the Subpoena.

7. UMMC objects to specific requests set forth in the Subpoena, as follows:

Request 1:   All Documents related to or concerning any Contract Pharmacy Arrangement that You have entered into with any Contract Pharmacy in Mississippi, including Documents related to any Contracts.

Objection:   This request is vague, overly broad, ambiguous, unduly burdensome, and disproportionate to the needs to the case. The request is not relevant to the constitutional issues raised in this lawsuit. Further, some or all of the documents requested contain confidential and proprietary information. The request also seeks production of documents protected by attorney-client privilege and the work product doctrine.

Request 2:   All Contracts or Agreements related to any Contract Pharmacy Arrangement that You have entered into with any Contract Pharmacy in Mississippi, including any contracts or agreements entered into before January 1, 2020, but that continued in force after January 2020.

Objection: This request is vague, overly broad, ambiguous, unduly burdensome, and disproportionate to the needs to the case. The request is not relevant to the constitutional issues raised in this lawsuit. Further, some or all of the documents requested contain confidential and proprietary information.

Request 3: All Documents related to Your use of a Replenishment Model-or any other Distribution Model, Split Billing System, or Algorithm-for dispensing 340B Drugs in Mississippi.

Objection: This request is vague, overly broad, ambiguous, unduly burdensome, and disproportionate to the needs to the case. The request is not relevant to the constitutional issues raised in this lawsuit. Further, some or all of the documents requested contain confidential and proprietary information. The request also seeks production of documents protected by attorney-client privilege and the work product doctrine.

Request 4: All Documents related to or concerning your Title to any 340B Drugs distributed by Contract Pharmacies in Mississippi, including but not limited to whether You receive, transfer, and/or retain Title.

Objection: This request is vague, overly broad, ambiguous, unduly burdensome, and disproportionate to the needs to the case. The request is not relevant to the constitutional issues raised in this lawsuit. Further, some or all of the documents requested contain confidential and proprietary information. The request also seeks production of documents protected by attorney-client privilege and the work product doctrine.

Request 5: All Documents related to or concerning whether You have (or do not have) an agency relationship with any Contract Pharmacies in Mississippi.

Objection: This request is vague, overly broad, ambiguous, unduly burdensome, and disproportionate to the needs to the case. The request is not relevant to the constitutional issues raised in this lawsuit. Further, some or all of the documents requested contain confidential and proprietary information. The request also seeks production of documents protected by attorney-client privilege and the work product doctrine.

Request 6:  All Documents related to or concerning Your policies, practices, and/or procedures governing or applicable to Your relationships with Contract Pharmacies in Mississippi, including any Document that establishes, describes, discusses, or mentions the way or ways in which You define a "patient"" for purposes of the 340B Program.

Objection:  UMMC objects to this request as being overly broad, vague, ambiguous, unduly burdensome, and disproportionate to the needs to the case. H.B. 728 does not address, much less alter, the definition of "patient" under the 340B statute. Further, even if relevant, the definition of "patient" under the federal 340B statute or H.B. 728 would be a question for HRSA through its administrative dispute resolution process or, alternately, a question of law for the Court.

Request 7:  All Documents related to or concerning Your policies, practices, and/or procedures regarding Duplicate Discounts and Diversion of 340B Drugs.

Objection:  UMMC objects to this request as being overly broad, vague, ambiguous, unduly burdensome, and disproportionate to the needs to the case. This request is a transparent attempt to obtain evidence of violations of the federal 340B program prohibition against Duplicate Discounting, the remedy for which (if any) is HRSA's administrative dispute resolution process pursuant to 42 U.S.C. §256b(a)(5) and §256b(d). H.B. 728 does not address or alter the federal prohibition against Diversion. Therefore, even if such evidence were discovered, it would be irrelevant to the claims asserted in the Complaint and disproportionate to the needs of this case.

Request 8:  All Documents related to or concerning whether You receive Rebates, as opposed to On-Invoice Discounts, related to payments for 340B Drugs.

Objection:  This request is vague, overly broad, ambiguous, unduly burdensome, and disproportionate to the needs to the case. The request is not relevant to the constitutional issues raised in this lawsuit. Further, some or all of the documents requested contain confidential and proprietary information.

Request 9: All Documents related to or concerning any other policies, practices, or procedures that govern or are applicable to Your acquisition, distribution, or sale of 340B Drugs.

Objection: This request is vague, overly broad, ambiguous, unduly burdensome, and disproportionate to the needs to the case. The request is not relevant to the constitutional issues raised in this lawsuit. Further, some or all of the documents requested contain confidential and proprietary information. The request also seeks production of documents protected by attorney-client privilege and the work product doctrine.

Request 10: All Documents related to or concerning Your use of a Third-Party Administrator for your participation in the 340B Program.

Objection: This request is vague, overly broad, ambiguous, unduly burdensome, and disproportionate to the needs to the case. The request is not relevant to the constitutional issues raised in this lawsuit. Further, some or all of the documents requested contain confidential and proprietary information. The request also seeks production of documents protected by attorney-client privilege and the work product doctrine.

RESPECTFULLY SUBMITTED, this the 16th day of June, 2025.

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**

BY: /s/ *Benny M. "Mac" May*
Benny M. May (MB #100108)
Associate General Counsel
University of Mississippi Medical Center
2500 North State Street
Jackson, Mississippi 39216
Telephone: (601) 984-1969
bmay2@umc.edu

**CERTIFICATE OF SERVICE**

 I, Benny M. "Mac" May, do hereby certify that on this date, I filed the above and foregoing via the Court's ECF system, which will automatically send notice to all counsel of record.

 THIS, the 16th day of June, 2025.

              /s/ *Benny M. "Mac" May*
              Benny M. "Mac" May