IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ASTRAZENECA PHARMACEUTICALS LP                                                               PLAINTIFF

V.                                                                               CAUSE NO. 1:24-cv-00196-LG-BWR

LYNN FITCH, in her official capacity
as the Attorney General of Mississippi,                                                      DEFENDANT

**PROTECTIVE ORDER**

The parties to this Protective Order have agreed to the terms of this Order as they anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, and/or personally or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case (including pursuant to third-party subpoenas) and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information. Accordingly, it is ORDERED:

**1.** **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be construed in favor of open and public proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation.** A party may designate documents that it produces as confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the document in a manner that will not interfere with the legibility of the information contained therein. Documents shall be designated prior to or at the time of the production or disclosure of the documents.

When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.      **<u>Documents Which May be Designated CONFIDENTIAL</u>**.  Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, personnel records, or such other sensitive commercial information that is not publicly available and does not qualify for an ATTORNEYS EYES ONLY designation. Public records and documents that are publicly available may not be designated for protection under this Order.

4.      **<u>Documents Which May be Designated ATTORNEYS EYES ONLY</u>**.  Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party that could not be avoided by less restrictive means.

5.      **<u>Depositions</u>**.  In the case of depositions, counsel for a party or non-party may designate portions of the transcript (including exhibits) as CONFIDENTIAL or ATTORNEYS EYES ONLY during the deposition by (1) making a statement to that effect on the record; or (2) by written notice, sent by counsel to all parties within fourteen (14) calendar days after receiving a copy of the final transcript thereof. All deposition and other pretrial testimony shall be deemed to be ATTORNEYS' EYES ONLY information until the expiration of fourteen (14) calendar days after counsel receives a copy of the final transcript thereof, after which time the transcript shall be treated as actually designated.  The parties and any non-party may modify this procedure for any particular deposition, through agreement on the record at such deposition or otherwise, without further order of the Court.

Transcripts containing CONFIDENTIAL or ATTORNEYS EYES ONLY shall have an obvious legend on the title page that the transcript contains CONFIDENTIAL or ATTORNEYS EYES ONLY, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as CONFIDENTIAL or ATTORNEYS EYES ONLY and the level of protection being asserted by the designating party. The designating party shall inform the court reporter of these requirements.

During any deposition taken in this action at which CONFIDENTIAL or ATTORNEYS EYES ONLY documents are disclosed or discussed, any party or non-party may exclude from attendance at the deposition during such disclosure or discussion any person other than the deponent, court reporter, videographer and persons to whom the information and/or documents may be disclosed under the terms of this Protective Order.

**6.    Protection of Confidential Material.**

(a) **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1)    Counsel of Record. Counsel of record for the parties and employees of counsel who have responsibility for the preparation and trial of the action, including, for example, paralegals, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise

agreed. As it relates to Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, "counsel of record" as used in this Sub-paragraph (1) shall include the Attorney General, any Special Assistant Attorney General appearing as counsel of record in this action, and any attorney in the Mississippi Attorney General's Office in the direct chain of command between the Attorney General and any Special Assistant Attorney General appearing as counsel of record in this action.

(2) <u>Parties</u>. Representatives of the receiving party who are current or former officers or employees of the receiving party or its corporate parents, subsidiaries, and subsidiaries of parents, who may be, but need not be, in-house counsel for the receiving party, as well as their immediate paralegals and staff, and who are either responsible for making decisions dealing directly with the litigation in these actions or who is assisting counsel in preparation for proceeding in these actions, but only to the extent reasonably necessary for this litigation.

(3) <u>The Court</u>. The Court and its personnel, a court appointed mediator, and the jury.

(4) <u>Court Reporters and Recorders</u>. Court reporters, stenographers, and videographers retained to record testimony taken in this action.

(5) <u>Persons Creating or Receiving Documents</u>. Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

(6) <u>Experts</u>. Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only if (a) disclosure to such person is reasonably necessary for this litigation, and (b) after such persons have

5

completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) <u>Witnesses.</u> Deposition and trial witnesses, and attorneys for witnesses, in this action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any documents unless they sign a copy of Exhibit A, unless otherwise agreed by the producing party or ordered by the court.

(8) <u>Vendors.</u> A vendor hired by a party to collect documents; host data; maintain a database of electronic data; or perform other work related to the collection, review, or production of documents in the case, if the vendor's employees having access to the data or documents sign the certificate attached as Exhibit A.

(9) <u>Mediator.</u> Any mediator, whether appointed by the Court or chosen by the parties, assigned to hear this matter, and the mediator's staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

(10) <u>Others by Consent.</u> Other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(b) Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any person or entity except as set forth in

subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

(1) Counsel of Record. Counsel of record for the parties and employees of counsel who have responsibility for the preparation and trial of the action, including, for example, paralegals, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed, but only if:

- it is necessary to disclose the ATTORNEYS EYES ONLY information to such support personnel for purposes of this case;
- subject to the exception provided for the Attorney General and her office below, they are not parties or affiliates, officers, directors, or employees of any party to this lawsuit;
- they have not been identified in writing in this case by the disclosing party a either (a) a competitor of the disclosing party, or (b) vendors or customers of the disclosing party; and
- they are under the supervision and control of the parties' counsel for this case.

As it relates to Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, "counsel of record" as used in this Sub-paragraph (1) shall include the Attorney General, any Special Assistant Attorney General appearing as counsel of record in this action, and any attorney in the Mississippi Attorney General's Office in the direct chain of command between the Attorney General and any Special Assistant Attorney General appearing as counsel of record in this action.

      Nothing in this Sub-paragraph (1) shall prohibit any of these persons from being allowed to review documents that have been designated ATTORNEYS EYES ONLY.

(2) <u>In-House Counsel for Parties</u>. In-house counsel for the receiving party, as well as their immediate paralegals and staff, and who are either responsible for making decisions dealing directly with the litigation in these actions or who is assisting counsel in preparation for proceeding in these actions, but only to the extent reasonably necessary for this litigation.

(3) <u>The Court</u>. The Court and its personnel, a court appointed mediator, and the jury.

(4) <u>Court Reporters and Recorders</u>. Court reporters, stenographers, and videographers retained to record testimony taken in this action.

(5) <u>Persons Creating or Receiving Documents</u>. Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document, but only at a deposition, hearing or trial.

(6) <u>Experts</u>. Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only if (a) disclosure to such person is reasonably necessary for this litigation; and (b) after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) <u>Vendors</u>. A vendor hired by a party to collect documents; host data; maintain a database of electronic data; or perform other work related to the collection, review,

or production of documents in the case, if the vendor's employees having access to the data or documents sign the certificate attached as Exhibit A.

(8) <u>Mediator</u>. Any mediator, whether appointed by the Court or chosen by the parties, assigned to hear this matter, and the mediator's staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

(9) <u>Others by Consent</u>. Other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order.

**(d) Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

**(e) Inadvertent Production.** An inadvertent failure to designate documents under this Order does not waive the designating party's right to secure protection under this Order for such documents. Upon discovery of an inadvertent failure to designate, the designating party shall give prompt notice to the receiving party and correct the designation. Upon receiving such notice, the

receiving party must make reasonable efforts to assure that the documents are treated in accordance with the provisions of this Order.

**(f)** **Unauthorized Disclosure Of Material**. If a receiving party learns that, by inadvertence or otherwise, it has disclosed documents designated for protection under this Order to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to return or destroy such documents and to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**(g) No Waiver of Privilege.** Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity in this or any other state, federal, or international proceeding. After any party becomes aware of any such disclosure, the designating party may designate any such documents as within the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, and may request in writing return of such documents to the designating party. Upon request by the designating party, the receiving party shall immediately retrieve, return, and destroy (as appropriate) all copies of such document(s). The receiving party shall not use such information for any purpose until further order of the Court. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product immunity, or other applicable privilege or immunity designation by submitting a written challenge to the Court; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later

designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any documents, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

**7.     Filing of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents Under Seal.**

This protective order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under L.U. Civ. R. 79 or otherwise. In order for any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedure set forth in L.U. Civ. R. 79.

**8.     Challenges by a Party to a Designation for Protection Under this Order.**

Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object. Such parties do not waive their right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The parties shall have an obligation to meet and confer in a good-faith effort to resolve any disagreement over designations under this Protective Order. If no agreement is reached, then the challenging party shall present the dispute to the Court in accordance with the applicable Local Rule or Court procedure. The document or information that is subject of the disputed confidentiality designation shall be treated as originally designated pending resolution of the dispute.

9. **Action by the Court.**

Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.**

Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the designating party prior to presenting the documents at trial, to the extent reasonably practicable, or at such other time as identified in the final pretrial order. Upon request of any party, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial including sealing such documents and portions of trial or hearings referring to them.

11. **Material Subpoenaed, Requested, or Ordered Produced in Other Litigation.**

If a party is served with a subpoena, public records request, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or ATTORNEYS EYES ONLY that party must: (a) promptly notify the designating party in writing; (b) promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the documents covered by the subpoena, request, or order is subject to this Protective Order (such notification shall include a copy of this

Protective Order); and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose documents may be affected.

**12.      A Non-Party's Documents Sought to be Produced in this Litigation.**

The terms of this Order are applicable to information produced by a non-party in this action and designated as CONFIDENTIAL or ATTORNEYS EYES ONLY. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

**13.      Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel.

**(b) Return of Documents Designated for Protection Under this Order.** Within 60 days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order and such documents bearing the notations, summations, or other mental impressions of the receiving party, shall be returned to the designating party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the receiving party elects to destroy the documents and certifies to the designating party that it has done so; or (3) the receiving party is required by law to retain the documents.  Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain CONFIDENTIAL or ATTORNEYS EYES ONLY documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under

this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. This provision does not require modification to any backup systems that may be used by persons that have received documents designated for protection under this Order.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

15. **Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the documents covered by this Protective Order. No party waives any right to move for additional protections when needed.

16. **No Limitations Under Certain Circumstances.**

Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own documents. Further, nothing in this Order shall restrict in any way the use or disclosure of documents by a receiving party: (i) that is or has become publicly known through no fault of the receiving party; (ii) that is lawfully acquired by or known to the receiving party independent of the producing party; (iii) that was previously produced, disclosed and/or provided by the producing party to the receiving party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the producing party; or (v) pursuant to Order of the Court.

17. **Persons Bound.**

This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms (including, but not limited to, third-party subpoena recipients).

**SO ORDERED,** this 1st day of July, 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ASTRAZENECA PHARMACEUTICALS LP                                          PLAINTIFF

V.                                                                      CAUSE NO. 1:24-cv-00196-LG-BWR

LYNN FITCH, in her official capacity
as the Attorney General of Mississippi,                                 DEFENDANT

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Mississippi in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or ATTORNEYS EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (Print): _____

Signature: _____

Date: _____