IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ASTRAZENECA PHARMACEUTICALS LP     PLAINTIFF

V.     CAUSE NO. 1:24-cv-00196-LG-BWR

LYNN FITCH, in her official capacity
as the Attorney General of Mississippi,     DEFENDANT

## JOINT ESI ORDER

**A.**     **SCOPE**

    1.     Subject to any Protective Order entered in this matter, this ESI Order shall govern the production of documents and electronically stored information (ESI), as described in Federal Rules of Civil Procedure 26, 33, 34, and 45, subject to the exception that this ESI Order shall not apply to documents and/or ESI produced by or on behalf of Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi ("the Attorney General"). The Attorney General is expressly excepted from compliance with this ESI Order. The Parties agree that they may enter into a separate, mutually acceptable ESI protocol to the extent that the Attorney General produces any ESI in this matter.

    2.     Nothing in this Discovery Plan shall supersede the provisions of any subsequent Stipulated Protective Order.

**B.**     **SEARCHING AND REVIEW**

    1.     The following types of data stores are presumed to be inaccessible and are not subject to discovery absent a particularized need for the data as established by the facts and legal issues of the case:

       (a)     Deleted, slack, fragmented, or other data only accessible by forensics.

       (b)     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    (c)    On-line access data such as temporary internet files, history, cache, cookies, and the like including data in metadata fields frequently updated automatically such as last-opened or last-printed dates.

    (d)    Back-up data that is substantially duplicative of data that are more accessible elsewhere.

    (e)    Server, system or network logs.

    (f)    Data remaining from systems no longer in use that is unintelligible on the systems in use.

    (g)    Audio / Video files unless a party knows or has reason to know they are responsive. By way of example, if there is a reason to know that a voicemail or recording is responsive, it should be reviewed and produced if appropriate. However, a party is not under an obligation to search every audio and video file for relevancy.

    (h)    Electronic data (e.g., email, calendars, contact data, notes, and text messages) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

    (i)    Text messages or instant messages Structural files not material to the individual file contents (e.g., .CSS, .XSL, .DTD, etc.).

    (j)    Operating System files that do not store user-created content (e.g., CAT, DLL, DMP, EXE, FON, PNF, OPS, SYS, etc.);

    (k)    Application source code, configuration, and other similar files necessary for the function of an application that do not store user-created content during ordinary use (e.g., BAK, BIN, CFG, DBF, DAT, JS, JSON, JAR, LUA, MSB, RES, WINNT, YTR, etc.).

2.    The Parties will discuss and agree upon search filters, including but not limited to custodians, search terms and date ranges to be employed by each party and the sources to

be searched to collect potentially responsive documents. If the Parties are unable to reach agreement within a reasonable time on any of the search parameters, the parties may make an application to the Court to resolve the dispute. The parties agree to search for responsive documents in sources (electronic, hard copy, or otherwise, as provided for in this ESI Order) that are reasonably believed to hold potentially responsive documents, which shall by identified by the party and disclosed to the other party. The parties may, upon agreement, modify the agreed-upon search parameters (and the parties reserve the right to make an application to the Court in the event of a dispute).

3. Notwithstanding the foregoing, if either party determines there are database systems that contain responsive information to which search terms cannot be applied, the parties will meet and confer within a reasonable time to determine an appropriate search protocol for those database Systems.

4. E-mail thread analysis may be used to reduce the volume of e-mails reviewed and produced. The produced e-mails must include all of the responsive information from a thread, including attachments. For example, if an e-mail in a string deviates from the thread such that it contains attachments that are not included in the most complete thread, then that individual e-mail and its attachments shall also be produced.

5. Any party using technology assisted review (TAR) will notify the receiving party and provide a proposed TAR protocol. The parties shall then meet and confer in an attempt to negotiate an agreed-upon TAR protocol.

6. Rolling Productions. The Parties agree that productions may occur on a rolling

basis so as to provide each other with documents within a reasonable time frame.

**C.     PRODUCTION FORMAT**

1. <u>Electronic documents</u>. Electronically created information derived from e-mail and other electronically created files (e.g., Microsoft Office files, Adobe Acrobat, WordPerfect, Outlook) will be produced in the format attached as Exhibit 1.

2. <u>Documents without standard pagination</u>. Documents without standard pagination, such as spreadsheets or desktop databases (e.g., Microsoft Excel, Microsoft Access, accounting programs) maintained electronically will be produced in native format. Any additional structured data production will be limited to existing report formats absent cost shifting.

3. <u>Web Pages</u>. Unless previously preserved in another manner and to the extent under the producing party's control, web pages in existence at the time that this ESI plan is entered shall be produced in .pdf or .tif format. If webpages were preserved in another manner, the webpages shall be produced in the manner preserved. Any "screen shots" or "screen captures" of Web pages shall be produced as Bates-labeled single page .pdf, .jpg, or .tif images.

4. <u>Audio/Video files</u>. Audio/Video files maintained electronically, will be produced as native files along with Bates-labeled placeholder pages.

5. <u>Structured Data</u>. The Parties will make reasonable efforts to agree upon the production of data from structured data stores in existing report formats, or report formats that can be developed without undue burden. If the issues in the case make exchange of data in a report format insufficient, the Parties agree to negotiate in good faith about reasonable methods of production of the material in a manner proportional to the needs of the case.

6. In addition to the production as specified above, the Parties may also agree to the production of metadata from fields to be specified by the Parties and the provision of load files pursuant to the Parties' specification. This agreement is memorialized in Exhibit 1 attached to this Order.

7. Each party reserves the right to object to production of documents in the format specified herein to the extent that production in such format is impracticable, unreasonably burdensome or expensive, or risks improper dissemination or disclosure of confidential material subject to this case's Protective Order. Shall either party object on this basis, the objecting party

will notify the other party and the parties agree to negotiate in good faith about reasonable methods of production of the material in a manner proportional to the needs of the case.

8. Each party reserves the right to request native files for documents that are difficult to understand after they have been produced in the format specified herein or that contain potentially relevant embedded information, and such requests will not be unreasonably denied. Such a request shall be made according to the following protocol:

> (a) The requesting party shall make any such request as soon as reasonably practical after receiving a document production.
>
> (b) The requesting party shall provide a list of Bates numbers of the documents that it is requesting to be produced in native file format.
>
> (c) Within fourteen (14) calendar days of receiving this request, the producing party will either (i) produce the requested native files to the extent reasonably practicable or (ii) respond in writing, setting forth its position on the production of the requested documents.
>
> (d) If the Parties are unable to agree as to the production of the requested documents in native format, the Parties may submit the matter to the Court.

9. <u>De-Duplication</u>. A party is only required to produce a single copy of a responsive document and shall de-duplicate productions to avoid production of unnecessary information and the related expense. De-duplication shall occur both vertically within each custodian and horizontally across custodians. Horizontal de-duplication must be done in a way that preserves (and produces) information on blind copy (bcc) recipients of emails and other custodians. Duplicate custodian information will be included in the load file Metadata Table under the "AllCustodians" field.

10. Common system files defined by the NIST library (http://www.nsrl.nist.gov/) need not be produced.

11. Attachments to e-mails shall not be eliminated from the parent e-mail, except to the extent that they are subject to withholding for privilege, work product, or a similar protection. Where such attachment is withheld, the withholding party will produce an appropriate slipsheet. Paper documents shall not be eliminated as duplicates of responsive ESI. To the extent the Parties

de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced.

12. <u>Native files</u>. The Parties will make reasonable efforts to ensure that documents produced in native form are decrypted (or that passwords are supplied), but the Parties have no duty to identify encrypted documents prior to production.

**D.     PRIVILEGE LOG AND REDACTIONS**

1. The parties agree to provide, on a mutually-agreed upon date, a privilege log in compliance with Rule 26(b)(5) identifying otherwise responsive documents withheld or redacted from the production based on attorney-client privilege, attorney work product, and/or other applicable privilege.

2. The provisions of the Joint Protective Order agreed to by the Parties shall apply to and govern document productions made under this ESI Order, including the provisions relating to the inadvertent production of privileged information.

   a.  **Non-Waiver.** Nothing herein shall be deemed to waive or limit any applicable privilege or protection from disclosure, or to affect the ability of a party to seek relief for the disclosure of information protected by privilege or protection from disclosure, regardless of the steps taken to prevent disclosure. If a party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protection, and the party receiving the privileged or protected information may not argue that the producing party failed to take reasonable steps to prevent production of the privileged or protected materials.

   b.  **Identification by Producing Party.** If a party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure,

the producing party must promptly notify in writing the receiving parties of the production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the produced privileged or protected information.

    c.    **Identification by Receiving Party.** If a party receives information that it later discovers, or in good faith believes, to be privileged or otherwise protected from disclosure, the receiving party must promptly notify in writing the producing party of the production. The producing party shall then promptly notify the receiving party in writing of the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the produced privileged or protected information.

    d.    **Procedures after Notification.** Upon either notification from a producing party under subsection (b) above, or from a receiving party under subsection (c) above, the parties shall treat the information as privileged or protected unless and until the parties agree otherwise or the Court determines the information is not privileged or protected.

    2.    Redactions shall be clearly indicated on the face of the document (e.g., white redactions on white documents are disallowed) with each redacted portion of the document stating that it has been redacted and the basis for the redactions, and a metadata field shall indicate that the document contains redactions and the basis for the redaction (e.g., "A/C Privilege").

**E.    THIRD-PARTY ESI**

    1.    A party that issues a non-party subpoena (issuing party) shall include a copy of this ESI Order with the subpoena and state that the parties to the litigation have requested that third-parties produce documents in accordance with the specifications set forth herein.

    2.    The issuing party is responsible for producing any documents obtained under a subpoena to all other parties.

    3.    If the issuing party receives any hard-copy documents or native files, the issuing party will process the documents in accordance with the provisions of this ESI Order, and then

produce the processed documents to all other parties. However, any documents the issuing party does not intend to process for its own use may be disseminated to all other Parties in the format in which such documents are received by the issuing party. If the issuing party subsequently processes any such documents, the issuing party will produce those processed documents to all other Parties.

4. If the non-party production is not Bates-stamped, the issuing party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other Parties.

**F.  OTHER**

1. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records unless necessary for processing. For example, paper documents should be logically unitized through a process of human review of each individual page in an image collection using logical cues to determine pages that belong together as documents. Such cues can be consecutive page numbering, report titles, similar headers and footers and other logical indicators. In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. The Parties will make their best efforts to unitize the documents correctly.

2. This ESI Order shall have no effect on any producing party's right to seek reimbursement for costs associated with collection, review, or production of documents or ESI, if appropriate.

3. Nothing in this ESI Discovery Plan shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

4.      Inadvertent production of privileged or other non-discoverable material shall not be a subject matter waiver of the objection pursuant to FRE 502.

5.      Nothing in this ESI Order is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third parties to object to a subpoena.

6.      Prior to seeking court resolution of a dispute under this Stipulation, the Parties agree to meet and confer in good faith to resolve, or narrow, the dispute.

7.      This ESI Protocol may be re-executed and/or modified by agreement of the Parties; for instance, the Parties may allow non-signatory parties to this litigation or nonparties producing ESI to join this agreement.

**SO ORDERED**, this the 1st day of July, 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT 1

**Electronically Stored Information (ESI) Production Specifications**

1. ESI should be produced as Group IV, 300 DPI, single-page TIFF images. File names cannot contain spaces. All black/white images must be in 1-bit TIF images and color documents must be in 24-bit JPG files.

   Documents that cannot be converted to TIFF (video, audio, applications, etc.) must be produced in native format. Also, documents that can become unwieldy when converted to TIFF (spreadsheets, databases, source code, large diagrams, etc.) must be produced in native format. (An exception can be made if the document requires redactions.) For documents produced natively, create a single page place holder sheet bearing the beginning bates number.

   The parties reserve the right to request native files for any produced document.

2. An Opticon load file (OPT) must be provided. The Opticon load file is a page level load file, with each line representing one image.

   Below is a sample:

   IMG00001,VOL01,D:\IMAGES\001\IMG00001.TIF,Y,,,3
   IMG00002,VOL01,D:\IMAGES\001\IMG00002.TIF,,,,
   IMG00003,VOL01,D:\IMAGES\001\IMG00003.TIF,,,,
   IMG00004,VOL01,D:\IMAGES\001\IMG00004.TIF,Y,,,2
   IMG00005,VOL01,D:\IMAGES\001\IMG00005.TIF,,,,

   The fields are, from left to right:
   - Field One - (IMG00001) - The page identifier
   - Field Two - (VOL01) - The volume identifier - not required
   - Field Three - (D:\IMAGES\001\IMG00001.TIF) - a path to the image to be loaded
   - Field Four - (Y) - Document marker - a "Y" indicates the start of a unique document.
   - Field Five - (blank) - Can be used to indicate box
   - Field Six - (blank) - Can be used to indicate folder
   - Field Seven - (3) - often used to store page count but not required

3. Extracted text of a document must be delivered on a document level. All text for a single document should be contained within one file. The name of the file should be the beginning bates number of the document (BEGDOC.txt). If there are non-searchable electronic documents and the text cannot be extracted, the parties agree to provide OCR text for those documents.

4. A Relativity load file must be delivered with the requested fields and metadata as shown in the table below. If specific fields cannot be provided for a particular document, the

field should be left blank. In the case of email, the email image will be the parent, and attachment(s) will be the child/children; email images/parents and attachments/children must be bates numbered consecutively and sorted by email image/parent followed by attachment/child.

The delimiters for the file must be as follows (Concordance default):

    Comma — ASCII character 20 (¶)
    Quote — ASCII character 254 (þ)
    Newline — ASCII character 174 (®)

| Field Name | Sample Data | Comment |
|---|---|---|
| PRODBEG | ABC0000001 | First bates number of electronic document |
| PRODEND | ABC0000002 | Last bates number of electronic document |
| PRODBEGATT | ABC0000001 | First bates number of the first page in a parent/child email relationship |
| PRODENDATT | ABC0000010 | Last bates number of the last page in a parent/child email relationship |
| CUSTODIAN | John Doe | Owner of the email/document |
| ALL CUSTODIANS | John Doe, Jane Doe | All owners of the email/document. |
| FROM | John Doe | Sender of email |
| TO | Jane Doe Smith | Direct or Primary Recipient(s) of email (listed in To field |
| CC | Fred Murray | Secondary Recipient(s) of email (listed in CC field) |
| BCC | Jake Johnson | Blind Recipient(s) of email (listed in BCC field) |
| SUBJECT | This is a document | Subject line of email |
| DATE_SENT | 10/15/2007 | Date email was sent (MMDDYYYY) |
| DATE/TIME_SENT | MM/DD/YYY HH:MM | Time email was sent |
| LINK | \NativeFiles\test.xls | Link to native file on the media received |
| FILE_EXTEN | PST (email); DOC (Word) | File extension of the email, attachment, or |

11

| Field Name | Sample Data | Comment |
|---|---|---|
|  |  | loose e-file |
| FILE_NAME | Document.doc, jdoe.pst | The file name of the email attachment or loose e-file |
| AUTHOR | John Doe | The author of the email attachment or loose e-file |
| DATE_MODIFIED | 10/15/2007 | The modified date of the email attachment or loose e-file |
| DATE_ACCESSED | 10/17/2005 | The last accessed date of the email attachment or loose e-file |
| PRINTED_DATE | 10/15/2006 | The date the document was last printed |
| ORIGINALFILEPATH | Smith.pst\Personal Folders\Inbox | The path to the email in the mailbox or loose e-file |
| FILESIZE | 125 | Size of file in KB |
| MD5HASH | 7E8D6F38A8BB6FD50279B274E2E11406 | MD5 Hash value of the file |
| PR_CONV_IDX | 1235489623896544548521 | Conversation Index Used for email threading |

5. The parties agree to delivery production sets via a secure file transfer. If a production set is delivered on a hard drive, the receiving party must, upon request, return that hard drive to the producing party at the conclusion of the litigation.

**Hard Copy Collections Produced as Images**

1. Image files must be produced in Group IV, 300 DPI, single-page TIFF format. File names cannot contain spaces.

2. A database load file (delimited text) must be produced with, at a minimum, the BEGBATES, ENDBATES, BEGATTACH, and ENDATTACH. The delimiters for the file must be as follows (Concordance default):

   Comma — ASCII character 20 (¶)
   Quote — ASCII character 254 (þ)
   Newline — ASCII character 174 (®)

3. OCR text must be delivered with all hard copy documents scanned into electronic form. All text for a single document should be contained within one file. The name of the file should be the beginning bates number of the document (BEGDOC.txt).

4. An Opticon load file (OPT) must be provided for hard copy productions.