AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP<br>*Plaintiff*<br>v.<br>Lynn Fitch, in her official capacity of the Attorney General of Mississippi<br>*Defendant* | )<br>)<br>)<br>) Civil Action No. 1:24-cv-00196-LG-BWR<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Boa Vida Hospital of Aberdeen d/b/a Monroe Regional Hospital (340B ID CAH251302)
400 South Chestnut Street
Aberdeen, Mississippi 39730

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: Daniel Coker<br>Post Office Box 1396<br>Oxford, Mississippi 38655 | Date and Time:<br>06/20/2025 10:04 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/09/2025

CLERK OF COURT                              OR   /s/ Wilton V. Byars III
_____                  _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AstraZeneca Pharmaceuticals, who issues or requests this subpoena, are:

Wilton V. Byars III; Daniel Coker; Post Office Box 1396, Oxford, Mississippi 38655; 662.232.8797

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-00196-LG-BWR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ASTRAZENECA PHARMACEUTICALS LP            PLAINTIFF

V.            CAUSE NO. 1:24-cv-00196-LG-BWR

LYNN FITCH, in her official capacity
as the Attorney General of Mississippi,            DEFENDANT

## EXHIBIT A

Boa Vida Hospital of Aberdeen d/b/a Monroe Regional Hospital is ordered to produce documents (including electronically stored information) and things identified below to the subpoena at the offices of Daniel Coker Horton & Bell, P.A., 265 North Lamar Boulevard, Suite R, Post Office Box 1396, Oxford, MS 38655, and/or by secure file transfer (or other like method) to Plaintiff's counsel, Wilton V. Byars III (wbyars@danielcoker.com), by June 20, 2025.

Compliance with this subpoena shall be in accordance with a forthcoming ESI Protocol and Protective Order.

## DEFINITIONS

The Document Requests ("Requests") below incorporate the following definitions. These definitions apply to all Requests regardless of whether upper or lower case letters are used.

1. The terms "and," "or" and "and/or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive. "All," "any," and "each" shall be construed as encompassing any and all.

2. "Boa Vida Hospital of Aberdeen d/b/a Monroe Regional Hospital" "You," and "Your" mean Boa Vida Hospital of Aberdeen d/b/a Monroe Regional Hospital and further includes any current or former predecessor, successor, division, departments, subsidiary, affiliates, joint

venture, parent, or related company thereof, whether or not organized under the laws of the United States; and all current or former directors, officers, employees, agents, representatives, shareholders, principals, managers, and/or partners of the aforementioned entities, as well as all Persons or entities acting or purporting to act on its behalf, or any other related entities.

3. "AstraZeneca" and "Plaintiff" mean AstraZeneca Pharmaceuticals LP, and all predecessors, successors in interest, assignees, subsidiaries, corporate parents, divisions, affiliates, and any entity having common ownership or control; and all directors, officers, employees, agents, representatives, and/or partners of the aforementioned entities.

4. "Lynn Fitch," "the State," and "Defendant" mean the State of Mississippi and Lynn Fitch, in her official capacity as the Attorney General of Mississippi.

5. "Section 340B" or "340B" mean Section 340B of the federal Public Health Service Act, codified at 42 U.S.C. § 256b.

6. "340B Program" refers to the federal Section 340B drug pricing program, codified at 42 U.S.C. § 256b.

7. "340B Drug" means a covered outpatient drug, as defined in Section 340B, 42 U.S.C. § 256b(b).

8. "Algorithm" means computer software used for solving a problem or performing a computation.

9. "Arrangement" means an agreement or relationship, contractual or otherwise, between two or more parties.

10. "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

11. "Concerning" and "relating to" mean referring to, concerning, constituting, evidencing, summarizing, demonstrating, reflecting, studying, analyzing, considering, explaining, mentioning, showing, describing, commenting upon, or in any way relevant to the subject matter of the request.

12. "Contract" refers to an agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law, and any writing that sets forth such an agreement.

13. "Contract Pharmacy" means a pharmacy that that distributes and/or dispenses 340B Drugs under an Arrangement, Contract, or other agreement with a Covered Entity.

14. "Contract Pharmacy Arrangement" refers to an arrangement between a Covered Entity and a Contract Pharmacy under which the Contract Pharmacy distributes and/or dispenses 340B Drugs.

15. "Covered Entity" means an entity which qualifies as a "Covered Entity" under Section 340B, 42 U.S.C. § 256b(a)(4)-(5).

16. "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. For the avoidance of doubt, "Documents" include "Communications."

17. "Distribution Model" means any policy, practice, procedure, or method by which a manufacturer or Covered Entity distributes 340B Drugs to Contract Pharmacies and/or patients.

18. "Diversion" means the sale, resale, or other transfer of a 340B Drug to a person who is not a patient of the Covered Entity, as prohibited by 42 U.S.C. § 256b(a)(5)(B).

19. "Duplicate Discount" means a request seeking payment under title XIX of the Social Security Act for medical assistance described in Section 1905(a)(12) of such Act with respect to a drug that is subject to an agreement under the 340B Program if the drug is subject to the payment of a rebate to the State under section 1927 of the Social Security Act, as prohibited by 42 U.S.C. § 256b(a)(5)(A).

20. "On-Invoice Discount" means a reduction in price reflected on a bill of costs prior to any exchange of payment.

21. "Person" is defined as any natural person or any business, legal, or governmental entity, or association.

22. "Rebate" means a return of part of a payment, serving as a discount or reduction after an exchange of payment.

23. "Replenishment Model" means the practices and procedures for transactions concerning 340B Drugs described in *Pharmaceutical Research and Manufacturers of America v. McClain*, 645 F. Supp. 3d 890, 900 (E.D. Ark. 2022): "manufacturers ship prescription drugs to pharmacies for dispensing to all patients. At the time of dispensing, the pharmacies do not know whether the prescriptions were written by medical providers at covered entities and qualify for 340B discounts. After 340B eligibility is later determined (typically using an algorithm), the manufacturers process charge backs to account for the 340B Program drugs' discounted prices."

24. "Pharmacy" means any place licensed by the Mississippi Board of Pharmacy in which drugs, chemicals, medicines, prescriptions, and poisons are compounded, dispensed, or sold at retail.

25. "Split Billing System" refers to computer software that virtually separates 340B from non-340B transactions after they occur for the purpose of replenishing 340B Drug inventory.

26.     "Third-Party Administrator" means (i) a payor or the payor's intermediary; or (ii) a pharmacy benefits manager, as defined in Miss. Code Ann. § 73-21-170 and § 73-21-153, that performs administrative and/or operative functions related to a Covered Entity's participation in the 340B Program.

27.     "Title" means the ownership of, and legal right to control and dispose of, an item or thing.

28.     "Thing" means any tangible object other than a Document including without limitation objects of every kind and nature, as well as prototypes, models, drafts, compositions or specimens thereof.

29.     The singular shall involve the plural and vice versa, to render the requested response fully responsive, understandable, complete, and not misleading.

30.     The above definitions shall apply regardless of whether the defined term is capitalized.

## INSTRUCTIONS

In addition to the above Definitions, the following Instructions shall also apply to these Requests:

1.      You are requested to provide a written response to each item or category of these Requests stating that production will be permitted as requested or, in the event of any objection, the reason for each such objection.

2.      Requests for Production are from January 1, 2020, to the present (the "Time Period"), and include (1) all Documents dated, prepared, received, or modified during the Time Period; and (2) all Documents that relate to, refer to, or contain any information concerning all or

any portion of the Time Period, or to any event or circumstance during that Time Period—whether dated, prepared, received, or modified before, during, or after the Time Period.

3. You are to conduct a diligent search of all Documents within Your possession, custody, or control, wherever located, including but not limited to any Documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other Person acting or purporting to act on Your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests herein. These Requests shall be deemed continuing so as to require further and supplemental production, in accordance with Federal Rule of Civil Procedure 26, should You obtain additional Documents falling within the scope of these Requests.

4. If You believe that any Person or entity may have possession, custody, or control of any Document that is not within Your possession, custody, or control but is otherwise responsive to any part of a Request, You shall so state and shall identify such Person or entity.

5. You are to produce Documents from any single file in the same order as they were found in such file, including any labels, files, folders and/or containers in which such Documents are located or with which such Documents are associated.  If copies of Documents are produced in lieu of the originals, such copies should be legible and bound, stapled, or segregated in the same manner as the original.

6. If You do not produce each Document or Thing requested herein as they are kept in the usual course of business, You must organize and label the Documents or Things produced to correspond with the particular Document request to which the Document or Thing is responsive.

7. You are to produce all Documents which are responsive in whole or in part to any of the requests herein in full, without abridgement, abbreviation, or expurgation of any sort.  If any

such Documents cannot be produced in full, produce the Document to the extent possible. You are required to produce not only the original or an exact copy of the original of all Documents or Things responsive to any of the requests herein, but also all copies of such Documents or Things which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts or embodiments of such Documents or Things.  You are also required to produce all versions of the foregoing Documents stored by a computer internally, on disk, on CD-ROM, or on tape.

8.     If any of the Documents requested herein are no longer in Your possession, custody, or control, You are requested to identify each such requested Document by date, type of Document, Person(s) from whom sent, Person(s) to whom sent, and Person(s) receiving copies, and to provide a summary of its pertinent contents.

9.     If any Document responsive to these requests has been destroyed, describe the content of such Document, the location of any copies of such Document, the date of such destruction, and the name of the Person who ordered or authorized such destruction.

10.    Electronic and computerized materials must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit tendering of the material intelligible.

11.    If You withhold any Document responsive to these requests, either partially or entirely, on grounds of privilege or immunity from discovery, You must provide a log that describes, for each Document so withheld:

i.     the Document's format (*e.g.,* email, memorandum, presentation);

ii.    the Document's title;

iii.   the Document's author or authors;

  iv. any and all recipients of the Document;

  v. the date on which the Document was created;

  vi. the subject matter being withheld;

  vii. the privilege or immunity being asserted; and

  viii. the full justification for applying that privilege.

12. These Requests shall not be construed as a waiver or abridgement of, and are not intended to waive, any argument or defense, or any objection AstraZeneca may have, nor shall they be construed as an admission of any fact by AstraZeneca.

13. These Requests are provided without prejudice to, or waiver of, AstraZeneca's right to seek further discovery at a later date.

## DOCUMENT REQUESTS

Please produce or allow for inspection and copying the following described Documents, Communications, and Things in Your possession, custody, or control in the same file or other organizational environment in which they are maintained in the ordinary course of business.

**REQUEST NO. 1:**

All Documents related to or concerning any Contract Pharmacy Arrangement that You have entered into with any Contract Pharmacy in Mississippi, including Documents related to any Contracts.

**REQUEST NO. 2:**

All Contracts or Agreements related to any Contract Pharmacy Arrangement that You have entered into with any Contract Pharmacy in Mississippi, including any contracts or agreements entered into before January 1, 2020, but that continued in force after January 2020.

**REQUEST NO. 3:**

All Documents related to Your use of a Replenishment Model—or any other Distribution Model, Split Billing System, or Algorithm—for dispensing 340B Drugs in Mississippi.

**REQUEST NO. 4:**

All Documents related to or concerning your Title to any 340B Drugs distributed by Contract Pharmacies in Mississippi, including but not limited to whether You receive, transfer, and/or retain Title.

**REQUEST NO. 5:**

All Documents related to or concerning whether You have (or do not have) an agency relationship with any Contract Pharmacies in Mississippi.

**REQUEST NO. 6:**

All Documents related to or concerning Your policies, practices, and/or procedures governing or applicable to Your relationships with Contract Pharmacies in Mississippi, including any Document that establishes, describes, discusses, or mentions the way or ways in which You define a "patient" for purposes of the 340B Program.

**REQUEST NO. 7:**

All Documents related to or concerning Your policies, practices, and/or procedures regarding Duplicate Discounts and Diversion of 340B Drugs.

**REQUEST NO. 8:**

All Documents related to or concerning whether You receive Rebates, as opposed to On-Invoice Discounts, related to payments for 340B Drugs.

**REQUEST NO. 9:**

All Documents related to or concerning any other policies, practices, or procedures that govern or are applicable to Your acquisition, distribution, or sale of 340B Drugs.

**REQUEST NO. 10:**

All Documents related to or concerning Your use of a Third-Party Administrator for your participation in the 340B Program.

# AFFIDAVIT OF SERVICE

| Case: 1:24-cv-00196-LG-BWR | Court: | County: | Job: 13518557 |
|---|---|---|---|
| Plaintiff / Petitioner: ASTRAZENECA PHARMACEUTICALS LP | | Defendant / Respondent: LYNN FITCH, IN HER CAPACITY OF THE ATTORNEY GENERAL OF MISSISSIPPI | |
| Received by: Absolute Process LLC | | For: Daniel Coker Horton & Bell | |
| To be served upon: BOA VIDA HOSPITAL OF ABERDEEN D/B/A MONROE REGIONAL HOSPITAL (340B ID CAH251302) | | | |

I, Doug Whitaker, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Cherelle Lindsey as Administration, 400 South Chestnut Street, Aberdeen, MS 39730
**Manner of Service:** Business, Jun 13, 2025, 4:00 pm CDT
**Documents:** SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**Additional Comments:**
1) Successful Attempt: Jun 13, 2025, 4:00 pm CDT at 400 South Chestnut Street, Aberdeen, MS 39730 received by Cherelle Lindsey as Administration.

_____ 6-22-2025
Doug Whitaker        Date

Absolute Process LLC
P.O. Box 445
Mantachie, MS 38855
6623723832

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
6/22/25
Date

Commission Expires
Exp. 9/12/2028
Maycee S Price
Chickasaw County
Comm # 493054
NOTARY PUBLIC STATE OF MISSISSIPPI